

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
AUG -5 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**WALTER PRINCE, WILLIAM L. THOMAS,**
**CHARLIE WARD, and RICHARD WARD**                    **PLAINTIFFS**

**VS.**                                    CIVIL ACTION NO. 3:14cv 601 TSL-RHW

**JARDEN CORPORATION d/b/a**
**THE COLEMAN COMPANY, INC.,**
**and DOE DEFENDANTS 1-10**                          **DEFENDANTS**

---

## COMPLAINT

---

### (JURY TRIAL DEMANDED)

COME NOW, Plaintiffs Walter Prince, William L. Thomas, Charlie Ward and Richard Ward, by and through counsel, and bring this civil action to recover actual damages against Defendants, Jarden Corporation d/b/a The Coleman Company, Inc., Doe Defendants 1-10, and in support thereof submit the following:

### I. PARTIES

1.      Plaintiff, Walter Prince ("Prince") is an adult resident citizen of the State of Louisiana whose address is 1178 Havenwood Drive, Baton Rouge, Louisiana 70815.

2.      Plaintiff, William Thomas ("Thomas") is an adult resident citizen of the State of Louisiana whose address is 3726 Canyonland Drive, Baton Rouge, Louisiana 70814.

3.      Plaintiff, Charlie Ward ("C.Ward") is an adult resident citizen of the State of Louisiana whose address is 4647 Dickens Drive, Baton Rouge, Louisiana 70812.

4.      Plaintiff, Richard Ward ("R.Ward") is an adult resident of the State of Louisiana whose address is 11510 Highway 76, Maringouin, Louisiana 70757.

5.    Defendant Jarden Corporation d/b/a The Coleman Company Inc. is a Delaware corporation who is registered to do and is doing business in the State of Mississippi.  Jarden's registered agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6.    Doe Defendants 1-10 are unknown individuals, corporations and/or other entities whose identities are currently unknown.  Once the identities of Doe Defendants 1-10 are discovered, their names will be substituted herein in accordance with the Federal Rules of Civil Procedure.

## II. VENUE AND JURISDICTION

7.    Plaintiffs incorporate by reference the preceding paragraphs.

8.    Plaintiffs are adult resident citizens of the State of Louisiana and Defendants are organized and incorporated under laws of other states or in a foreign country having its principal places of business in a state or foreign county other than the State of Louisiana.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  Therefore jurisdiction is proper pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

9.    The event giving rise to this claim occurred in Wilkinson County, Mississippi, and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. UNDERLYING FACTS

10.    Plaintiffs incorporate by reference the preceding paragraphs.

11.    Prince, Thomas, C. Ward and R. Ward are the owners of a private fish camp located at  907 Rock Road, Woodville, Mississippi. The camp consists of two mobile homes elevated on pilings.

12.    On or about August 18, 2011, Prince, Thomas, son Rex Thomas and R. Ward were

2

onsite at the camp cleaning and performing light maintenance.  On that date, there was no electrical service to the camp and the propane tank gas supply to the indoor appliances was in the "off" position.

13.     Plaintiffs intended on cooking dinner (grilling steaks) on an outside grill.

14.     Shortly before dark, Plaintiffs recognized the need for a light source in the kitchen. They removed a Coleman electronic ignition, dual mantel propane lantern, model no. 5154B700 from its box, attached a 16.4 oz. Coleman Propane Fuel cylinder, model no. 5103B164T, and performed a brief test.  The lantern lit and burned as expected.  After a short burn, the lantern was turned off.

15.     At dark, the Coleman lantern was relit and hung with a wire hanger over the kitchen table.  Once again, the lantern lit and burned as expected.  Plaintiffs then returned to their duties outside the camp and inside the camp kitchen.  Thomas was at the kitchen sink with his son Rex. Prince was seated at the kitchen table. R. Ward was entering the kitchen from outside.

16.     Minutes into the second ignition, Plaintiffs (or certain of them) noticed a blue flame spreading above the lantern along the ceiling.  Immediately thereafter (while certain Plaintiffs yelled a "fire" warning), the rolling blue flame exploded toward the floor and ignited the inside of the camp kitchen.  The explosion caused Prince and Thomas to incur severe and painful burns and injuries to their upper extremities.  R. Ward sustained burn injuries to his lower leg.

17.     The camp and its contents were destroyed by fire and/or smoke from the fire.

## IV. FIRST CAUSE OF ACTION
### NEGLIGENCE

18.     Plaintiffs incorporate by reference the preceding paragraphs.

3

19.     The Coleman Company, Inc. ("Coleman") was negligent in the design, manufacture, distribution, inspection and sale of the Coleman lantern and cylinder in that the ignition source of the combined Coleman components could cause injuries or death when individuals, such as Plaintiffs, attempted to utilize the Coleman lantern in a reasonably foreseeable manner.   Such negligence includes, but is not limited to:

A)     Failing to properly inspect the Coleman lantern and cylinder to discover any defective conditions, including but not limited to the risk of gas leaks (and the ability to detect such leaks) and explosion;

B)     Failing to provide adequate warnings on the Coleman lantern and cylinder, including but not limited to the risk of gas leaks (and the ability to detect such leaks)  and explosion, ;

C)     Failing to provide proper instructions to Plaintiffs regarding the lantern and cylinder components to reduce risks, including but not limited to the risk of gas leaks (and the ability to detect such leaks)  and explosion;

D)     Failing to remedy any dangerous conditions of which Coleman was aware, or because of the passage of time, should have been aware, including but not limited to the risk of gas leaks  (and the ability to detect such leaks)  and explosion;

E)     Failing to perform a hazard assessment to discover certain unreasonable risks associated with the lantern and cylinder, including but not limited to the risk of gas leaks  (and the ability to detect such leaks)  and explosion;

F)     Failing to provide warnings and/or instructions on the lantern and cylinder components, including but not limited to the risk of gas leaks  (and the ability to detect such leaks) and explosion;

4

G)      Failing to provide Plaintiffs with hazard warnings required under the circumstances, including but not limited to the risk of gas leaks (and the ability to detect such leaks) and explosion; and,

H)      Other acts of negligence which may be shown during the course of these proceedings.

## V. SECOND CAUSE OF ACTION
## PRODUCT LIABILITY-FAILURE TO WARN

20.     Plaintiffs incorporate by reference the preceding paragraphs.

21.     At the time that the Coleman lantern and cylinder left the custody and control of Coleman, Coleman knew or should have known that the lantern and cylinder (and/or the lantern and cylinder combination) was defective in that they/it failed to contain adequate warnings and/or instructions creating the danger, including but not limited to the risk of gas leaks (and the ability to detect such leaks)  and explosion, that caused the damages sustained by Plaintiffs, taking into account the characteristics of and the ordinary knowledge of foreseeable users of the lantern, including Plaintiffs.

## VI. THIRD CAUSE OF ACTION
## PRODUCT LIABILITY -DEFECTIVE DESIGN

22.     Plaintiffs incorporate by reference the preceding paragraphs.

23.     At the time that the Coleman lantern and cylinder left the custody and control of Coleman, Coleman knew or should have known that the lantern and cylinder (and/or the lantern and cylinder combination) was designed in a defective manner creating the danger, including but not limited to the risk of gas leaks (and the ability to detect such leaks)  and explosion, that caused the damages sustained by Plaintiffs, taking into account the characteristics of and the ordinary knowledge of foreseeable users of the lantern, including Plaintiffs.

24.     At the time that the Coleman lantern and cylinder left the custody and control of

5

Coleman, Coleman knew or should have known that there existed a feasible alterative design that would have to a reasonable probability prevented the danger, including but not limited to the risk of gas leaks (and the ability to detect such leaks) and explosion, that caused the damages sustained by Plaintiffs, taking into account the characteristics of and the ordinary knowledge of foreseeable users of the lantern, including Plaintiffs.

## VII. FOURTH CAUSE OF ACTION
## PRODUCT LIABILITY-DEFECTIVE MANUFACTURE

25.     Plaintiffs incorporate by reference the preceding paragraphs.

26.     At the time that the Coleman lantern and cylinder left the custody and control of Coleman, Coleman knew or should have known that the lantern and cylinder (and/or the lantern and cylinder combination) was defective because they/it deviated in a material way from Coleman's specifications or from otherwise identical units manufactured to the same specifications, including but not limited to the risk of gas leaks (and the ability to detect such leaks) and explosion.

## VIII. FIFTH CAUSE OF ACTION
## *RES IPSA LOQUITUR*

27.     Plaintiffs incorporate by reference the preceding paragraphs.

28.     At the time that the Coleman lantern and cylinder left the custody and control of Coleman, Coleman had the sole control and management of the instrumentality which caused the Plaintiffs' damages, including but not limited to the risk of gas leaks (and the ability to detect such leaks) and explosion. Further, the Plaintiffs' damages would not have occurred in the ordinary course and foreseeable use of the Coleman lantern and cylinder if Coleman had used proper care. Therefore, Coleman is liable to the Plaintiffs under the theory of *res ipsa loquitur*.

## IX. DAMAGES

29.     Plaintiffs incorporate by reference the preceding paragraphs.

30.     As a direct and proximate result of the actions and inactions of Coleman, Plaintiffs (or certain of them) sustained severe and painful burns and other injuries for which they have incurred hospital, doctor, drug, and other medical expenses in an effort to treat and rehabilitate their condition.  These injuries are both temporary and permanent in nature.  Plaintiffs may reasonably be expected to incur hospital, doctor, drug, and other medical expenses in the future in a continuing effort to treat and rehabilitate their conditions.  Further, and as a direct and proximate result of their injuries, Plaintiffs have endured extensive pain and suffering, mental anguish and anxiety, and may reasonably be expected to endure the same in the future.  Plaintiffs have sustained a degree of disability, disfigurement, scarring, limitation of movement, impairment, and a loss of enjoyment of life, which they will continue to sustain in the future.  Plaintiffs have sustained a loss of wages and a loss of wage earning capacity.  Lastly, Plaintiffs have suffered property damage to their fish camp and its contents.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Walter Prince, William Thomas, Charlie Ward and Richard Ward demand judgment of and from Defendant, Jarden Corporation d/b/a The Coleman Company, Inc., for all damages to which they are legally entitled in a fair and reasonable amount to be determined by a jury in excess of the sum set forth in 28 U.S.C. § 1332, exclusive of interest and costs, as well as pre-judgment and post-judgment interest, attorney's fees, and all costs of this Court.

Respectfully submitted,

WALTER PRINCE, WILLIAM THOMAS,
CHARLIE WARD and RICHARD WARD

BY:     *C. Victor Welsh, III*
C. VICTOR WELSH, III

7

OF COUNSEL:

C. VICTOR WELSH, III, MSB# 7107
PITTMAN, GERMANY, ROBERTS & WELSH, LLP
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: (601) 948-6200
Facsimile: (601) 948-6187
Email: cvw@pgrwlaw.com